# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LOUIS ARNOLD PHILLIPS,<br><br>Petitioner,<br><br>v.<br><br>DAVE DAVEY, Warden,<br><br>Respondent. | Case No.  1:15-cv-00325-GSA-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF No. 4).  In the instant petition, Petitioner challenges his conviction sustained in Madera County Superior Court for first degree murder of Bruce Bartulis and attempted murder of Ronald Rose, two counts of robbery, and the personal use of a firearm.  The special circumstance murder during the commission of a robbery was found true and the jury returned a verdict sentencing Petitioner to death on February 1, 1980.  After the California Supreme Court reversed his death sentence, the jury at his penalty re-trial returned a death sentence.  Petitioner admits that he previously sought habeas relief with respect to this conviction in this Court in Phillips v Chappell, Case No. 1:92-CV-05167-AWI-SAB.  (ECF No. 1 at 3).[1]  In

---

[1] Pages numbers refer to the ECF page numbers which are stamped at the top right of the page.

that case, the district court denied the habeas petition, but the Ninth Circuit reversed in part, and remanded with instructions to grant the writ as to the jury's special circumstance finding, and accordingly, Petitioner's death sentence.[2]

# I.

# DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that 1) the claim rests on a new, retroactive, constitutional right or 2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or successive petition meets these requirements.

Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997), *cert. denied*, 117 S.Ct. 794 (1997).

Because the instant petition was filed after April 24, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) apply to it. Lindh v. Murphy,

---

[2] The Ninth Circuit reversed the district court regarding the due process violation under Brady v. Maryland, 373 U.S. 83 (1963), from the prosecutor's failure to reveal significant benefits given to key witness Colman in exchange for her testimony, and under Napue v. Illinois, 360 U.S. 264 (1959), for failing to correct Colman's false testimony. The Ninth Circuit upheld Petitioner's convictions since the non-revealed benefits to Colman were not material to those convictions.

521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file his successive petition attacking his conviction. Although the instant petition has been brought after the reversal of the special circumstances finding, the instant petition still attacks the same conviction as Petitioner's first petition in this Court. See Phillips v Chappell, Case No. 1:92-CV-05167-AWI-SAB. Petitioner's special circumstance trial is ongoing in state court. (ECF No. 5). A new judgment has not been entered in Petitioner's case yet. Therefore, Petitioner is attacking the same conviction and judgment that he attacked in the first petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief from that conviction under Section 2254 and must dismiss the petition. See Greenawalt, 105 F.3d at 1277.

## II.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)  (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>   (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>   (B) the final order in a proceeding under section 2255.
>
>  (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

## III.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED as successive;

2) The Clerk of Court is DIRECTED to close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **June 23, 2015**             **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE